813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. REEDY, Appellant,
v.
FORD MOTOR COMPANY, Appellee.
 No. 85-2154.
 United States Court of Appeals, Fourth Circuit.
 Argued July 14, 1986.
Decided Sept. 3, 1986.
 
 Before WINTER, Chief Judge, and RUSSELL and MURNAGHAN, Circuit Judges.
 S. Strother Smith, III, for appellant.
 John M. Thomas, Staff Attorney, Ford Motor Company (E. Milton Farley, III; Hunton & Williams; Christopher A. Myers; Hunton & Williams, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Plaintiff James E. Reedy appeals the district court's grant of summary judgment for defendant Ford Motor Company ("Ford"). The district court ruled that there was no genuine issue of material fact concerning Ford's liability because Reedy failed to provide evidentiary support for his theory of negligence despite Ford's having presented evidence that his theory was meritless. Finding no legal or factual error in the district court's ruling, we affirm.
 
 
 2
 Reedy sued Ford for physical and psychological injuries he sustained when he lost control of the new Ford truck he was driving and crashed head-on into an oncoming car, killing its two occupants. The accident occurred when the truck Reedy had been following for some time slowed down, and Reedy attempted to pass on the shoulder on the right. When Reedy turned his right wheels onto the gravel shoulder, he applied his brakes and the truck began "skip-jumping," meaning there were intermittent periods of friction with the road, between which the truck lost contact and lurched forward. Reedy lost control of his truck, veered to the left, and collided with the oncoming car.
 
 
 3
 Reedy initially claimed that the accident was directly caused by a failure of the steering mechanism, in particular the breakage of the "key pin." His complaint alleged that the "key pin" broke either because it had been negligently installed or because the truck's "skip-jumping" created an intolerable strain on the pin. Ford produced two experts who testified that the "key-pin" was only used to hold part of the steering mechanism in place during assembly of the automobile, and that even if it had broken prior to the accident, it could not have caused a loss of steering control. In addition, one expert testified that the "key pin" most likely broke during the collision, not before. Reedy failed to respond to this evidence, and the district court granted summary judgment for Ford. Reedy filed a motion to reconsider with a supporting memorandum, but the motion was denied.
 
 
 4
 In his appeal, Reedy does not defend his "key pin" hypothesis, but asserts an alternative theory. He now claims that there is a genuine issue of material fact as to whether a design defect in the braking system caused the "skip-jumping"--the skipping effect that occurred upon braking--which in turn caused Reedy to lose control of the truck and collide with on-coming traffic. We reject this theory for two reasons. First, after carefully reviewing Reedy's complaint and his answers to interrogatories, it is clear that Reedy never presented this theory to the district court. Though his complaint mentions the concept of "skip-jumping," he alleges there only that it is one possible cause of the breakage of the key pin. He did not claim it to be an independent cause of the accident. In discovery, Reedy specifically failed to mention "skip-jumping" in answering a request to "describe in detail every respect in which ... the [truck] was defectively designed ... [and] how the alleged defects caused or contributed to the accident."
 
 
 5
 Second, Reedy's new theory fails on the merits because he failed to produce evidence sufficient to create a factual dispute. One of Ford's experts testified at deposition that the braking system was not defective and performed normally during the accident. He further stated that the accident was caused by Reedy's attempt to brake while the right tires were on the gravel shoulder and the left tires were on the road. Because the gravel provided "nearly no resistance on the right side of the vehicle," the braking friction on the left side "in itself [created] a turning moment and tend[ed] to turn the vehicle to the left." Despite this evidence contradicting his claim of a design defect in the braking system, Reedy introduced no evidence at all to support his claim. Thus he failed to demonstrate a genuine issue of material fact.
 
 
 6
 AFFIRMED.